IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DANIEL MORLAN                                                                                          PLAINTIFF

v.                                              CIVIL NO. 21-2040

KILOLO KIJAKAZI,[1]  Acting Commissioner
Social Security Administration                                                                   DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Daniel Morlan, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed his current applications for DIB and SSI on May 8, 2018, alleging an inability to work since December 27, 2017, due to a back injury, a lumbar fusion, sciatica, chronic back and leg pain, depression, and anxiety. (Tr. 104, 307, 309).  An administrative hearing was held on March 11, 2020, at which Plaintiff appeared with counsel and testified. (Tr. 68-101).

---

[1] Kilolo Kijakazi, has been appointed to serve as Acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

By written decision dated June 22, 2020, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 33). Specifically, the ALJ found Plaintiff had the following severe impairments: osteoarthritis/degenerative disc disease of the lumbar spine status post multiple surgeries, post-laminectomy syndrome, insomnia, and a history of a hernia repair. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 34). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that the claimant can occasionally climb, balance, stoop, kneel, crouch and crawl.

(Tr. 34). With the help of a vocational expert, the ALJ determined Plaintiff could perform his past relevant work as a production controller and a printing sales representative. (Tr. 41).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who after reviewing additional medical evidence submitted by Plaintiff, denied that request on January 6, 2021. (Tr. 1-4). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 17, 18).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the

Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff argues the following points on appeal: 1) The RFC is inconsistent with the evidence; and 2) Plaintiff cannot return to his past relevant work. (ECF No. 17). Defendant argues the ALJ properly considered all of the evidence including treatment records and medical opinion evidence, and the decision was supported by substantial evidence. (ECF No. 18). The Court has reviewed the entire transcript and the parties' briefs.

In determining that Plaintiff maintained the RFC to perform light work with limitations, the ALJ considered the medical assessments of the non-examining agency medical consultants and Dr. Brent Samuel Reeves, a treating physician; Plaintiff's subjective complaints; and his medical records. While Plaintiff disagrees with the ALJ's RFC determination, after reviewing the record as a whole the Court finds Plaintiff failed to meet his burden of showing a more restrictive RFC. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012) (burden of persuasion to demonstrate RFC and prove disability remains on claimant). Plaintiff argues the ALJ improperly discounted the opinion of Dr. Reeves, who opined Plaintiff had numerous restrictions to include the inability to sit two hours, and only ten minutes at a time, during a normal workday; the need to take three to four unscheduled breaks per hour; and missing work more than four times a month. After reviewing the record, the Court finds substantial evidence to support the ALJ's determination that Dr. Reeves assessment was inconsistent with the record as a whole. *Fentress v. Berryhill*, 854 F.3d

1016, 1020 (8th Cir. 2017) (finding that if a treating physician's opinion is inconsistent with other substantial evidence, such as physical examinations or claimant's daily activities, the ALJ may discount or disregard the opinion). In support of finding Dr. Reeves assessment unpersuasive, the ALJ noted the assessment was inconsistent with Dr. Reeves treatment notes for Plaintiff; the objective medical evidence; the treatment notes from Plaintiff's other medical providers; Plaintiff's reported daily activities; and the non-examining medical consultant's opinion who had all the medical records, including Dr. Reeves' assessment, to review prior to opining as to Plaintiff's capabilities for the time period in question. After reviewing the record as a whole, the Court finds substantial evidence supporting the ALJ's RFC determination.

The record further supports the ALJ's determination that Plaintiff could perform his past relevant work. At Step Four, the ALJ determines whether Plaintiff can return to his past relevant work by comparing Plaintiff's RFC with the physical and mental demands of Plaintiff's past relevant work. 20 C.F.R. § 404.1520(e). In this case, the ALJ relied upon vocational expert testimony in finding Plaintiff able to perform his past relevant work. *See Gilbert v. Apfel,* 175 F.3d 602, 604 (8th Cir. 1999) ("The testimony of a vocational expert is relevant at steps four and five of the Commissioner's sequential analysis, when the question becomes whether a claimant with a severe impairment has the residual functional capacity to do past relevant work or other work") (citations omitted). After reviewing the record as a whole, the Court finds substantial evidence to support the ALJ's determination that Plaintiff could perform his past relevant work as a production controller and a printing sales representative.

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and

Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 21st day of March 2022.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE